**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN BROZMAN,**

        **Plaintiff,**

**-vs-**                                                                **Case No.  6:15-cv-944-Orl-41DAB**

**JENNIFERJAMES HAIRCOLORXPERTS,**
**LLC, a Florida Limited Liability**
**Corporation, and JENNIFER CLENDENIN,**
**Individually,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 23)**
>
> **FILED:**      **December 10, 2015**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the allegations of the Complaint (Doc. 1) and Plaintiff's response to Court interrogatories (Doc. 15-1), Plaintiff was employed by Defendants as a hair stylist from December 30, 2014 through April 9, 2015. He alleges he is owed $1,447.40 in back pay and an equal amount in liquidated damages for unpaid overtime and time spent for required training, as well as attorneys' fees and costs (Doc. 1, Doc. 15-1). In its Amended Answer, Defendants denied that Plaintiff ever worked over 40 hours per week.

The parties represent that they have settled this matter and have tendered a settlement agreement which reflects that Plaintiff is to receive $1,100.00 in "back pay;" $1,100.00 in liquidated damages; $400 in costs; $2,300.00 in attorneys' fees; and $100.00, as consideration for a general release of all other claims. The parties state that the settlement occurred following "significant discovery and negotiations between parties and their counsel," and note that the lawsuit involved

disputed issues, including the accuracy of the time records[1] and the total amount of time actually worked while employed by Defendants.

Upon review, the settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues. The compromise on the overtime claim is not so significant as to lead the Court to suspect overreaching, especially in view of what the parties represent is a bona fide dispute as to the amount of hours worked. The settlement does include a general release, and courts disfavor such clauses in FLSA actions. *See, generally, DeGraff v. SMA Behavioral Health Services, Inc.*, 945 F.Supp.2d 1324 (M.D. Fla. 2013). Here, however, the papers reflect that separate consideration in a slightly more than nominal amount was paid for that release, there is no assertion that any non-FLSA claim exists, and Plaintiff was represented by counsel throughout. Under these circumstances, the inclusion of the agreed-to general release should not serve to make the settlement with respect to the FLSA issues unreasonable.

As for attorneys' fees, in the Answers to the Court's Interrogatories, Plaintiff claimed 18.3 hours at $350 per hour, for a total attorney's fee of $6,405.00, as of August 14, 2015 (Doc. 15-1). The parties have agreed that Defendant will pay $2,300 in attorneys' fees and $400, in costs. Although the Court assumes Plaintiff's counsel incurred additional hours of time after the execution of the Interrogatories, the total agreed-to here approximates a rate of under $150 per hour, well within (or below) the range of reasonable hourly rates in such cases. The amount of time devoted and ultimate fee agreed to is not unreasonable under the circumstances of this case, and, absent objection, the Court recommends same.

---

[1]The parties represent that Plaintiff was a commissioned employee who had no set hourly rate. Defendants contended that Plaintiff was subject to the § 7(i) overtime exemption, under which the employer commits no overtime violation, regardless of the number of hours worked, when a commissioned retail employee is paid one and one-half the minimum wage for every hour worked. For the purposes of settlement, Plaintiff agreed to the application of this provision. *See* Doc. 23, citing 29 U.S.C. §207(i).

Settlement in the amount of $2,200.00 to Plaintiff for unpaid wages and liquidated damages, and $2,700.00 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the motion be **granted** and that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 14, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy